**Opinion issued August 28, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00590-CR**

————————————

**RUTILIO ALVARADO CARRANZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 488th District Court**
**Harris County, Texas**
**Trial Court Case No. 1797811**

## MEMORANDUM OPINION

A jury found the appellant, Rutilio Alvarado Carranza, guilty of the felony aggravated assault[1] and assessed his punishment at confinement for ten years. The appellant timely filed a notice of appeal.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02.

The appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).[2]

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing reviewing court— and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist);

---

[2] Counsel investigated the appellant's whereabouts and learned that the appellant had been deported to Honduras. Counsel has informed the Court that he was unable to provide the appellant with a copy of his *Anders* brief and his motion to withdraw. Because the Texas Rules of Appellate Procedure do not provide for dismissal under these circumstances and the appeal is ready for submission to the Court, we decide it on its merits.

*Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that the appellant may challenge a holding that there are no arguable grounds for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

## Conclusion

We affirm the judgment of the trial court and grant the appellant's appointed counsel's motion to withdraw.[3] Attorney Terrence Gaiser must immediately send the required notice to the appellant's last known address and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

Clint Morgan
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Appellant's counsel still has a duty to inform appellant of the result of the appeals and that appellant may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).